OPINION of the Couk, hv
Judge Logan.
■ AV e*
exhibited his bill to compel the conveyance 01 land, at* U-ging that he had written several letters to Rob rts, proposing to purchase said land, and that in one of them be proposed to give one dollar per acr< . He pis >states that in answer to his letters he rec.en>ed one from Roll 9th August 1796, in which Roberts ac-1 shall be down in your perts^ flat knowltdged the receipt of his, and therein d< dared in these words: *• The lands you wish to purely.s , you ,mav have for thirty pounds per hundred acres. Cash • ‘ ------ or n“groes wdl answer me. county this tall without f ail.”
'This is the case upon which he sues, Roberts firme* (he receipt of any letters obligatory on the com pi tinanC for a cei tam price io money and negroes ; but admits tf,at ]le received several letters requesting him to inform the author, B. Anthony, whether he would sell, and upon what terms, the said land ; and admits he wrot® the one exhibited in the bill,
The qfc'tiun to be decided is, whether this letter; proves a contract for the land ?
The intention of the parties is the essence of a con-⅜ tract* t he words used in this case, combined withii their situation m to dutaace, that they were strangers tffjj *99 sacb other, tbe nature of the payment required, and the time when Roberts expected to go to the county in which Allen resided, induce this court to believe that his letter was intended only to give information that his land was tor sale, of the pnce and pat me rits which would be required, and of the time he would be in that County.
Ic is eBVntiai CO a con: rati that ir be recU procally obliga* tiny upo» ih# pasiifs»
It is essential to the validity of a contract, that reel procity of obligation should exist. In this case, it does' not scent to the court that the complainant’s letters hatt-tlie obligition of a contract upon him. it rather appears that lie was at liberty at all times to retract his proposi.ion. It does not appear that Roberts knew to the contrary, until after he had sold part of the land to Johnston. The complainant then sends to purchase the whole tract, as he says t yet be did not send any “ ne-groes,” os more money than would pay for the residue of the tract, which still belonged to Roberts, and whicij he then sold to the agent of the complainant. it is Vtnuccessary to remark on the statement in the bill, “ that-thc complainant was ready to pay ior the whole,” when-: lie sent only what money would pay for a part of the land.
If the court could doubt, still it is esteemed a safe principie, when the intention cannot with reasonable certainty be deduced from a writing, to leave the casts to its fate at law, and not divest a title t» land upon evidence at best doubtful. But from other evidence in the «ause, this court is of opinion the court below di& fight in dismissing the complainant’s bill,
Decree affirmed with costs.